[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a lamentable case of two elderly siblings bringing to the court an intra-family dispute that, frankly, was better suited for resolution over a kitchen table than in a courtroom.
The Plaintiff, Geno Eriquezzo, and his sister, the Defendant, Marie A. Venturini, were designated as co-executors in the Last Will and Testament of their late brother, John J. Eriquezzo, who died on July 1, 1998. The essence of the Plaintiff's four count Complaint is that his sister, the Defendant, Marie A. Venturini, violated her fiduciary responsibilities as both a duly designated attorney-in-fact under a durable power of attorney executed by John J. Eriquezzo on or about March 24, 1995, and as co-executor of the Will of John J. Eriquezzo. The Plaintiff claims that the Defendant, both prior and subsequent to the death of John J. Eriquezzo, engaged in self-dealing and pursued a course of conduct designed ultimately to increase the value of the residuary estate of John J. Eriquezzo, of which the Defendant was a 50% beneficiary.
The case was tried to the Court upon the Plaintiff's four count complaint. In the first count thereof the Plaintiff claims an accounting. In the second count of the Complaint the plaintiff asserts a breach of fiduciary duty by the Defendant. In the Third Count, the Plaintiff alleges the conversion of certain property by the Defendant. Finally, in the Fourth Count of the Complaint, the Plaintiff alleges tortious interference with a contract.
Based upon the Court's careful consideration of all of the evidence submitted at the time of trial, the Court's further consideration and assessment of the credibility of the witnesses who testified at trial, and upon the Court's review and consideration of the Memoranda and Proposed Findings of Fact that have been submitted by the parties, the Court finds first that the Plaintiff has failed to sustain his burden of proof on the First and Fourth Counts of the Complaint. Judgment may accordingly enter in favor of the Defendant on the First and Fourth Count of the Complaint.
The Court further finds the following facts:
 1. John J. Eriquezzo died testate on July 1, 1998, a resident of the City of Danbury.
 2. Prior to his death, on or about, March 24, 1995, John J. Eriquezzo executed a durable power of attorney designating his sister, Marie Venturini, the defendant herein, as attorney-in-fact for the said John J. Eriquezzo. CT Page 17242
 3. The said durable power-of-attorney did not include a provision specifically allowing the attorney-in-fact to make gifts.
 4. Notwithstanding the fact that the said durable power-of-attorney did not include a provision specifically allowing the attorney-in-fact to make gifts, the Defendant did make certain gifts of cash and other property during the lifetime of the said John J. Eriquezzo. Said gifts were made to the Defendant herself, to her daughter, to her granddaughter and to the Plaintiff.
 5. The Last Will and Testament of the said John J. Eriquezzo (Trial Exhibit #1) named his siblings Marie A. Venturini, the Defendant herein, and Geno Eriquezzo, the Plaintiff herein, as co-executors of the Will.
 6. Notwithstanding the fact that both the Plaintiff and Defendant herein were named as co-executors in the Will, upon the death of John J. Eriquezzo the defendant, Marie A. Venturini, unilaterally opened an estate checking account listing only herself as executor of the estate.
 7. Notwithstanding the fact that both the Plaintiff and Defendant herein were named as co-executors in the Will, the Defendant, Marie A. Venturini, unilaterally marshaled all of the estate assets, collected rents and made certain payments without prior consultation or approval from her co-executor, the Plaintiff.
 8. Under the provisions of the Last Will and Testament of John J. Eriquezzo, three parcels of real estate together with the contents thereof were devised to the Plaintiff, Geno Eriquezzo, and the residuary estate was to be divided equally between the Plaintiff and the Defendant herein.
 9. Prior to the death of John J. Eriquezzo, the defendant, Marie A. Venturini, was aware that the Last Will and Testament of her brother, John J. Eriquezzo's, provided that Geno Eriquezzo was to inherit the said three parcels of real estate identified as 17 East Hayestown Road, 29 Hayestown CT Page 17243 Road and 16 Division Street all in Danbury, Connecticut together with the contents of said houses.
 10. During the lifetime of John J. Eriquezzo, the Defendant, Marie A. Venturini, listed all three said parcels of real estate for sale.
 11. The Defendant, Marie A. Venturini, was aware of the fact that if the said real estate was sold prior to the death of John J. Eriquezzo, the cash proceeds realized from the sale thereof would become part of the residuary estate, and as such, she (Marie A. Venterini) would share in half of the proceeds realized from the sale of the real estate.
 12. When John J. Eriquezzo died on July 1, 1998, the Plaintiff, Geno Eriquezzo, travelled from his home in New Hampshire and remained in Danbury for the wake and funeral of his brother, John J. Eriquezzo.
 13. On July 3, 1998, accompanied by his wife and son, Geno Eriquezzo entered what had been John J. Eriquezzo's home in Danbury, Connecticut and took note of the personal property therein. Said personal property was subsequently memorialized on a handwritten list which was accepted by the Court as Plaintiff's Trial Exhibit #2.
 14. Several months after John J. Eriquezzo's funeral, the Plaintiff, Geno Eriquezzo, returned to Danbury and learned that most of the personal property which had been left to him under the terms of the Last Will and Testament of John J. Eriquezzo and as had been observed by the Plaintiff during his July 3, 1998 visit to the home of John J. Eriquezzo had been removed from the said home.
 15. Subsequent to the death of John J. Eriquezzo, and through December of 1998, the Defendant Marie A. Venturini, collected rents from the rental real estate of John J. Eriquezzo. No evidence has been submitted that would show that the Defendant made an accounting of the collection of said rents to the Probate Court in connection with the administration of the Estate of John J. Eriquezzo. CT Page 17244
In the claims for relief that the Plaintiff submitted to the Court together with his post-trial brief, the Plaintiff claims only the return of $37,500.00 from annuities that were liquidated by Marie A. Venturini and on which the Plaintiff had been designated as beneficiary; the return of certain rents collected by the Defendant, Marie A. Venturini subsequent to the death of John J. Eriquezzo; and the return of all of the items of personal property set forth on Trial Exhibit #2.
The Court finds that the trial testimony of the Plaintiff was more credible than the trial testimony of the Defendant. The Court finds that the Plaintiff has sustained his burden of proof with respect to the Second and Third Counts of the Complaint. Judgment may therefore enter in favor of the Plaintiff on the Second and Third Counts of the Complaint.
The Defendant is ordered, within thirty days hereof to return to the Plaintiff $37,500.00 which the Court finds represents the value of the annuities that the Defendant liquidated prior to the death of John J. Eriquezzo. The Court notes that the Plaintiff, Geno Eriquezzo, was designated as beneficiary on the said annuities and that said annuities would have passed to Geno Eriquezzo upon the death of John J. Eriquezzo but for the fact that said annuities were liquidated by the Defendant prior to the death of John J. Eriquezzo.
The Defendant is further ordered within thirty days hereof to pay over to the Plaintiff all of the rents that she collected subsequent to the death of John J. Eriquezzo, less any legitimate expenses she incurred for the maintenance and upkeep of the rental properties. In the event that there is a dispute between the parties as to what constitutes a legitimate expense incurred for the maintenance and upkeep of the property, said dispute will be referred to this Court, for a binding determination thereon.
The Defendant is further ordered within thirty days hereof to return to the Plaintiff all of the items of personal property set forth on Trial Exhibit #2 with the exception of those items listed thereon which the Plaintiff acknowledges he has already received(such as the music stands and the old Victor recordings), with the further exception of the item listed thereon as "Any of John's personal belongings I haven't mentioned," and with the final exception of any items of personal property listed thereon which the Plaintiff no longer wishes to pursue. This Court is unpersuaded by the Defendant's claim at trial that much, if not all, of the personal property listed on Trial Exhibit #2 was "gifted" by John J. Eriquezzo prior to his death.
In the event that the Defendant claims an inability to return certain CT Page 17245 items of personal property based upon an assertion that she is unaware of the location of any such item or for any other reason, upon motion of the Plaintiff, the matter will be referred to the Court for further proceedings including a determination by the Court as to whether a cash payment from the Defendant to the Plaintiff will be substituted for the return of said item of personal property. If the Plaintiff seeks the further intervention of the Court on the failure of the Defendant to return listed items of personal property, the Plaintiff shall file a Motion with the Court seeking such intervention of the Court within 60 days hereof. If the Plaintiff fails to do so, he will be deemed to have waived the right to pursue such claim under this judgment.
Judgment may enter in accordance with the foregoing.
BY THE COURT
CARROLL, J.